UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS WAYNE EVENSTAD, | Case No. 25-CV-3828 (NEB/EMB) |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE |
| TIMOTHY JAMES WALZ, et al., | |
| Defendants. | |

Plaintiff Thomas Wayne Evenstad did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (*See* ECF No. 2.) That IFP application is now before the Court and must be considered before any other action may be taken.

After review, this Court concludes that Evenstad qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, a court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

It appears that Evenstad was recently evicted from his home. (*See* ECF No. 1 at 2.) Evenstad—who recently announced his intention to run for the office of Governor of Minnesota—believes that the eviction was the handiwork of his political opponents, who are now retaliating against him. (*See id.* at 3.) Insofar as Evenstad attempts to bring claims of retaliation pursuant to 42 U.S.C. § 1983, the Court finds that the complaint does not plausibly allege that any state actor has violated Evenstad's constitutional rights. Nor has Evenstad plausibly alleged that the defendants have engaged in "election interference" in violation of federal law. (*See* ECF No. 1 at 2.) Evenstad's remaining claims arise under state law; the Court lacks original jurisdiction over these claims and will not extend supplemental jurisdiction over the claims. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Accordingly, this action is dismissed without prejudice in its entirety.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Thomas Wayne Evenstad (ECF No. 2) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 15, 2025                BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge